IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CONCERNED FRIENDS OF<br>THE WINEMA; KLAMATH-SISKIYOU<br>WILDLANDS CENTER;<br>WESTERN WATERSHEDS PROJECT;<br>OREGON WILD; and CENTER FOR<br>BIOLOGICAL DIVERSITY,<br><br>        Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, and<br>U.S. FISH & WILDLIFE SERVICE,<br><br>        Defendants,<br><br>and<br><br>IVERSON MANAGEMENT LIMITED<br>PARTNERSHIP,<br><br>        Defendant-Intervenor. | No. 1:14-cv-00737-CL<br>ORDER |

AIKEN, Judge:

On September 12, 2016, Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R&R") recommending this Court grant in part and deny in part parties' cross-motions for summary judgment, and grant in part defendants' motion to strike (doc. 105).

1 – ORDER

The R&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. Defendants and defendant-intervenor have filed objections to the R&R. For the reasons set forth below, I adopt the R&R in full.

The Magistrates Act establishes procedures for district judges to review orders issued by magistrate judges. For the R&R, I must review "*de novo* . . . those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004). For those portions of the R&R to which no party objected, the Act does not prescribe any standard of review. *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Following the recommendation of the Advisory Committee on the Federal Rules of Civil Procedure, I review those parts of the R&R for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note.

First, Judge Clarke did not clearly err in dismissing plaintiffs' claim under the National Environmental Policy Act ("NEPA"). NEPA applies to "project-level" grazing decisions and not the annual operating instructions ("AOIs") at issue, which instead "specify those annual actions that are needed to implement the management direction set forth in the project-level NEPA-based decision." Doc. 27-6 at 12, 13. Therefore, AOIs "are not required to undergo any additional site-specific environmental analysis." *Id.* at 13. Further, while I reiterate Judge Clarke's expectation that a NEPA analysis shall be performed soon, the U.S. Forest Service has sole discretion to determine when to perform environmental analyses in the context of allotment management plans. *See* 43 U.S.C. § 1752(i).

Judge Clarke also did not clearly err in granting defendants' motion to strike the declaration of Theresa L. Simpson (doc. 95). Simpson's declaration was prepared after completion of the relevant administrative record, and the Ninth Circuit applies a post-decisional

2 – ORDER

bar to extra-record materials. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012). Judge Clarke found Simpson's declaration does not meet the narrowly construed exceptions to this post-decisional bar, and this finding is not clearly erroneous. *See id.* (outlining exceptions); *see also Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2004) (recognizing constrained scope of exceptions).

With respect to plaintiffs' claim under the National Forest Management Act ("NFMA"), Judge Clarke correctly ruled in favor of plaintiffs as to the "viability directive" under the Winema Forest Plan ("Forest Plan"). Under *The Lands Council v. McNair*, the Forest Service must be granted latitude in its determinations that it has met NFMA requirements when it proposes an action. 537 F.3d 981, 992 (9th Cir. 2008). However, this latitude does not override the fundamental principle under the Administrative Procedure Act that an agency's findings and action must be rationally supported. *See, e.g., Or. Natural Res. Council Fund v. Goodman*, 505 F.3d 884, 889 (9th Cir. 2007). Defendants and defendant-intervenor take issue with the directive's application, but the Forest Plan states this directive "appl[ies] to all management areas" of the forest and "state[s] the bounds or constraints within which *all practices* will be carried out in achieving the planned objectives of the Forest Plan." 2008 AR 104 (emphasis added). Here, the 2012–15 AOIs were predicated on findings in biological evaluations issued in 2011 and 2013, all of which contained viability conclusions that did not account for evidence in the record showing cattle trespass, unauthorized use, and harm to habitat under the current management. Therefore, the Forest Service's findings regarding the Oregon Spotted Frog ("OSF") and sensitive plant species were arbitrary and capricious, and Judge Clarke's recommended injunctive relief is proper.

Finally, with respect to plaintiffs' claim under the Endangered Species Act, Judge Clarke correctly ruled in favor of plaintiffs as to the June 2015 Biological Opinion's ("BiOp's") failure to account for non-lethal take and the BiOp's jeopardy conclusion. The BiOp failed to adequately explain the proposed "average 35% utilization standard," and the BiOp did not elucidate the similarities between the ranges in the studies supporting the utilization standard and the OSF ranges at issue here. This issue is compounded by the U.S. Fish & Wildlife Service's use of the utilization standard to determine both lethal and non-lethal take, when the record indicates significant non-lethal take of OSF was assessed in the BiOp's initial drafts but omitted in the final draft. As Judge Clarke observed, the resulting jeopardy conclusion is therefore not rationally supported to the extent it relied on flawed non-lethal take findings. Thus, the recommended injunctive relief is also proper in this regard.[1]

I ADOPT Judge Clarke's R&R (doc. 105). Plaintiffs' motion for summary judgment (doc. 88) is GRANTED in part and DENIED in part. Defendants' motion for summary judgment (doc. 92) is GRANTED in part and DENIED in part. Defendant-intervenor's motion for summary judgment (doc. 94) is GRANTED in part and DENIED in part. Defendants' motion to strike (doc. 95) is GRANTED in part.

IT IS SO ORDERED.

Dated this 18 day of January, 2017.

ANN AIKEN
U.S. DISTRICT JUDGE

---

[1] Re-initiating consultation and addressing the major discrepancies outlined above should provide the agency an opportunity to address all deficiencies in the BiOp. To be clear, however, the agency shall also address the concerns raised by Judge Clarke regarding the restoration measures for the Jack Creek Riparian Unit, the BiOp's 3% trampling estimate of OSF, and the BiOp's incidental take statement.