**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
U.S. Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1010
sean.martin@usdoj.gov
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **CONCERNED FRIENDS OF THE WINEMA, KLAMATH SISKIYOU WILDLANDS CENTER, WESTERN WATERSHEDS PROJECT, OREGON WILD** and **CENTER FOR BIOLOGICAL DIVERSITY,**<br><br>      Plaintiffs,<br><br>  v.<br><br>**UNITED STATES FOREST SERVICE**, a federal agency, and **U.S. FISH & WILDLIFE SERVICE**, a federal agency,<br><br>      Defendants.<br><br>―――――――――――――――――――<br><br>**IVERSON MANAGEMENT LIMITED PARTNERSHIP**,<br><br>      Defendant-Intervenor. | Case No. 1:14-cv-00737-CL<br><br>**DEFENDANTS' NOTICE OF DEMONSTRATION OF COMPLIANCE WITH COURT'S INJUNCTION OR, IN THE ALTERNATIVE, MOTION TO DISSOLVE INJUNCTION**<br><br>**Expedited Consideration/Ruling Requested** |

I.    **NOTICE/MOTION**

Defendants file this notice to advise that the U.S. Forest Service has made the necessary demonstration with regard to this Court's January 2017 injunction (ECF 105, Report and Recommendation at 30-31; ECF 115 at 3-4 (adopting recommendation), such that the injunction is no longer in effect for livestock grazing on Chemult Pasture. In the alternative, should this Court deem an affirmative request necessary, Defendants request that this Court dissolve the January 2017 injunction on the basis of changed circumstances including the Forest Service's demonstration of compliance. In accordance with LR 7-1, undersigned counsel contacted Plaintiffs' counsel, who advised that Plaintiffs oppose this notice/motion. Undersigned counsel also contacted Defendant-Intervenor, who is proceeding *pro se* at this juncture, and Defendant-Intervenor supports this notice/motion.

There is good cause for this Court to issue an order indicating its concurrence with Defendants' principal position that the January 2017 injunction is longer in effect because the Forest Service has made the very demonstration to which the duration of the injunction is tied. Alternatively, there is good cause for this Court to dissolve the injunction based on a review of the Forest Service's demonstration under an appropriately deferential standard, given the changed circumstances explained below.

Page 1 –   Defendants' Notice of Demonstration of Compliance, etc.;
*Concerned Friends of the Winema v. United States Forest Service*;
Case No. 1:14-cv-00737-CL

Defendants respectfully request that this Court give their notice/motion expedited consideration. Grazing is now set to commence on Chemult Pasture at the beginning of July 2018. **Therefore, Defendants request an order confirming the injunction is no longer in effect, or is dissolved, by June 25, 2018.**

## II.   MEMORANDUM

### FACTUAL BACKGROUND

In this action, among other claims, Plaintiffs brought a National Forest Management Act ("NFMA") claim against the Forest Service's Annual Operating Instructions ("AOIs") for Chemult Pasture grazing for the years 2012, 2013, 2014, and 2015. ECF 105, Report and Recommendation at 13. The AOIs did not go through public National Environmental Policy Act ("NEPA") review and were completed under a 1995 Allotment Management Plan ("AMP"). *Id*. at 3.

This Court found that the Forest Service violated NFMA, because the AOIs violated the "viability directive" from the relevant Forest Plan. *Id*. at 14, 18-19. According to this Court, the Forest Service provided "no rational support for its failure to accurately measure 'current grazing,'", including "cattle trespass, additional unauthorized grazing, and changed conditions in the relevant areas." *Id*.at 18. This Court therefore recommended an NFMA

Page 2 –   Defendants' Notice of Demonstration of Compliance, etc.;
  *Concerned Friends of the Winema v. United States Forest Service*;
  Case No. 1:14-cv-00737-CL

injunction, adopted by Judge Aiken on January 18, 2017. The injunction barred the Forest Service from "issuing future AOIs permitting grazing in the Chemult Pasture unless and until those AOIs accurately reflect the actual levels of grazing in the pasture – including cattle trespass, overgrazing – and also accurately reflect the impacts of that level of grazing on the sensitive species in the relevant areas." *Id*. at 30-31 (recommendation); ECF 115 at 3-4 (adopting recommendation). This Court's NFMA injunction also required that the Forest Service "demonstrate that grazing does not violate its requirements under the relevant AMP and the Forest Plan to maintain the viability of sensitive species populations in range." Report and Recommendation at 31; ECF 115 at 3-4 (adopting recommendation).

In light of this Court's injunction, the Forest Service did not authorize any grazing in 2017 on Chemult Pasture.

Meanwhile, the agency proceeded with a NEPA process over proposed revisions to the 1995 AMP. *See* ECF 105, Report and Recommendation at 7 (noting ongoing NEPA process, including issuance of a Draft Environmental Impact Statement). In October 2017, the Forest Service completed a Biological Evaluation and Specialist Report for botanical resources that

Page 3 –   Defendants' Notice of Demonstration of Compliance, etc.;
           *Concerned Friends of the Winema v. United States Forest Service*;
           Case No. 1:14-cv-00737-CL

addressed the effects of status quo grazing and the proposed revisions on sensitive species in Chemult Pasture. Exhibit A.[1]

Based in part on this Biological Evaluation, the Forest Service in November 2017 issued a 296-page Final Environmental Impact Statement ("FEIS") that analyzed various alternatives for revising the 1995 AMP. Exhibit B. The FEIS took account of the effects of the actual, status quo grazing in place prior to the completion of the NEPA process. *Id*. at 43. This looked to a study of unauthorized grazing use over the prior 10 years. *Id*. The FEIS took this data into account in assessing the effects of status quo grazing on the federally-listed Oregon spotted frog. *Id*. at 175. The FEIS made a specific finding that the proposed revisions would not negatively impact the specie's viability. *Id*. at 177. The FEIS also assessed the effects of all the grazing alternatives on the various sensitive species. *Id*. at 119-155. It made specific findings that the proposed revisions would not impact these species' viability. *See id & id*. at 8.

On May 21, 2018, the U.S. Fish and Wildlife Service issued a Biological Opinion regarding the effects of the proposed AMP revisions on Oregon

---

[1] This document, and many other key AMP-revision documents including the Final Environmental Impact Statement ("FEIS"), has been available to the public on the Forest Service's website at https://www.fs.usda.gov/project/?project=43246.

Page 4 –   Defendants' Notice of Demonstration of Compliance, etc.;
           *Concerned Friends of the Winema v. United States Forest Service*;
           Case No. 1:14-cv-00737-CL

spotted frogs and their designated critical habitat. ECF 133 (notice of issuance of Biological Opinion).

On May 25, 2018, Paisley and Silver Lake District Ranger Douglas C. McKay signed a final Record of Decision ("ROD") adopting a revised framework for the AMP after careful review of public comments, the FEIS, and other materials. ECF 135 (notice of issuance of ROD); Exhibit C at 2 (ROD). The ROD made specific viability demonstrations for the new AMP framework regarding both Oregon spotted frogs and sensitive species. *Id.* at 4-5 (ROD). *See also id.* at 10-11, 15 (discussion in ROD of grazing in frog habitat), *id.* at 12, 14 (discussion of viability of sensitive species).

On May 31, 2018, the Forest Service issued the new AMP, new grazing permits, and a bill to the permittee. Exhibits D (AMP), E (permits), F (bill). Grazing is now set to resume in Chemult Pasture on July 1, 2018. *See* Exhibit C at 20, Exhibit D at 3.

### ARGUMENT

The Forest Service has demonstrated compliance with this Court's NFMA injunction. In reaching its new AMP, the agency has considered public input, completed a thorough review, and adopted significant grazing revisions to a large area including Chemult Pasture. The Forest Service has addressed the NFMA injunction issues identified by this Court, and made the

Page 5 –   Defendants' Notice of Demonstration of Compliance, etc.;
            *Concerned Friends of the Winema v. United States Forest Service*;
            Case No. 1:14-cv-00737-CL

necessary demonstrations that the revisions do not impair species viability under NFMA.  Therefore, the Forest Service has made the demonstration that is the precondition to the termination of the January 2017 injunction.

In the alternative, this Court should dissolve the January 2017 injunction, given the significant change in facts presented by the FEIS, ROD, and new AMP.  This Court may dissolve an injunction if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).  "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."  *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).  It is an abuse of discretion if, after the moving party carries this burden, a court "refuses to modify an injunction . . . in light of such changes." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotation omitted).

Here, significant factual changes warrant dissolution of the injunction. This Court's January 2017 injunction was issued when the Forest Service was issuing AOIs under the prior (1995) AMP without any newer public NEPA review.  But grazing in Chemult Pasture is now subject to a new AMP that marks the culmination of a lengthy and thorough NEPA environmental-review process that featured detailed consideration of the effects of various revisions to species viability and the effects of actual, status quo grazing on

Page 6 –   Defendants' Notice of Demonstration of Compliance, etc.;
           *Concerned Friends of the Winema v. United States Forest Service*;
           Case No. 1:14-cv-00737-CL

species.  Further, the Forest Service has made the findings and demonstrations indicated by this Court's earlier injunction.  For example, the ROD explained how the AMP revisions are consistent with the Forest Plan viability requirements, for both Oregon spotted frog and sensitive species.  Exhibit C at 4-5.  Further, the ROD addressed head-on the issue of grazing in frog and sensitive species habitat and explained the agency's rationale.  *Id*. at 10-11, 12, 14, 15.

These demonstrations of NFMA compliance are entitled to deference here.  Whether the injunction should be dissolved depends on if the Forest Service's findings regarding species viability are arbitrary and capricious.  *See Alliance for the Wild Rockies v. Bradford*, 864 F. Supp. 2d 1011, 1018 (D. Mont. 2012) (dissolving injunction against the Forest Service).  An agency decision is arbitrary and capricious "only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (internal quotation omitted).  Here, the Forest Service's NFMA demonstrations are neither arbitrary nor capricious, as they are based on specific field reviews

Page 7 –   Defendants' Notice of Demonstration of Compliance, etc.;
           *Concerned Friends of the Winema v. United States Forest Service*;
           Case No. 1:14-cv-00737-CL

and other agency analysis, outside studies, and specific aspects of the revised AMP's grazing system design including its utilization and habitat protections.

The January 2017 injunction is now outmoded. That injunction, by its terms, envisioned and applied to future grazing authorizations via non-NEPA AOIs. ECF 105, Report and Recommendation at 30-31. In fashioning that injunction, this Court expressed its concern over the Forest Service's incomplete NEPA process over revising the AMP. *Id*. at 12. But now, the circumstances have changed significantly, as the Forest Service is no longer authorizing grazing under AOIs, but under a brand-new AMP and brand-new permits after completion of an extensive NEPA review process that analyzed various alternative courses of action.

In reaching its January 2017 injunction, this Court did "not recommend issuing an injunction closing the Chemult Pasture to grazing altogether." ECF 105, Report and Recommendation at 30. Therefore, keeping the AOIs-targeted injunction in place would amount to an overbroad injunction closing Chemult Pasture to grazing against this Court's own recommendation.

Continuing the former NFMA injunction against implementation of the new AMP would be inappropriate, because it would effectively invalidate a new, comprehensive grazing framework that is the result of its own NEPA

Page 8 –   Defendants' Notice of Demonstration of Compliance, etc.;
         *Concerned Friends of the Winema v. United States Forest Service*;
         Case No. 1:14-cv-00737-CL

process.  Continuing the injunction would incorrectly flip the presumptive validity of the new FEIS and new ROD.  Courts recognize that an agency's environmental decision process "is accorded a presumption of regularity." *Akiak Native Community v. U.S. Postal Service*, 213 F.3d 1140, 1146 (9th Cir. 2000).

If Plaintiffs choose to challenge the Forest Service's ROD underlying the new AMP, they may simply file a new action and move for appropriate relief.  Judicial review would be based on the agency's new administrative record.  But this action has already been terminated and attorney fees have already been settled and paid.  ECF 129-30.  At this juncture, this action is no longer the appropriate vehicle to litigate Plaintiffs' concerns over the new grazing system and the new AMP.

//
//
//
//
//
//
//
//

Page 9 –   Defendants' Notice of Demonstration of Compliance, etc.;
           *Concerned Friends of the Winema v. United States Forest Service*;
           Case No. 1:14-cv-00737-CL

# CONCLUSION

For these reasons, this Court should issue an order indicating that the January 2017 injunction is longer in effect, or an order dissolving the injunction based on the Forest Service's NFMA viability demonstration under an appropriately deferential standard, given the changed circumstances explained above.

DATED this 31st day of May, 2018.

>Respectfully submitted,
>
>BILLY J. WILLIAMS
>United States Attorney
>District of Oregon
>
>*/s/ Sean E. Martin*
>SEAN E. MARTIN
>Assistant United States Attorney

Page 10 – Defendants' Notice of Demonstration of Compliance, etc.;
*Concerned Friends of the Winema v. United States Forest Service*;
Case No. 1:14-cv-00737-CL